Anwar v. Barr

BIA
A095 102 165

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand nineteen.

PRESENT:
>        PETER W. HALL,
>        JOSEPH F. BIANCO,
>        MICHAEL H. PARK,
>            *Circuit Judges.*

_____

NADEEM ANWAR,
>        *Petitioner,*

>        v.                                          18-2164
>                                                     NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**          Yaniv Lavy, Feiner & Lavy, P.C., New York, NY.

**FOR RESPONDENT:**          Joseph H. Hunt, Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nadeem Anwar, a native and citizen of Pakistan, seeks review of a June 22, 2018 decision of the BIA denying his motion to reopen. *In re Nadeem Anwar*, No. A095 102 165 (B.I.A. June 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Anwar's 2018 motion to reopen was untimely as it was filed more than 10 years after the BIA's decision affirming his removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Nevertheless, an applicant may, at any time, move to reopen his case "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at

2

the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). To prevail on such a motion, however, the applicant *also* must establish his prima facie eligibility for the relief sought—in this case, asylum, withholding of removal, and relief under the Convention Against Torture. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005); *see also Abudu v. INS*, 485 U.S. 94, 104 (1988) (identifying failure to present "previously unavailable material evidence" and failure to establish prima facie eligibility as independent dispositive grounds for denying reopening). Accordingly, and contrary to Anwar's position, the BIA's conclusion that Anwar failed to establish prima facie eligibility for relief was dispositive, and the BIA was not required to determine whether there had been a change in conditions in Pakistan.

Nor did the BIA abuse its discretion in finding that Anwar failed to demonstrate his prima facie eligibility for asylum and related relief. When reviewing a motion to reopen, the BIA may rely on an underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007). Here, the BIA relied on the fact that

3

Anwar was found not credible in the underlying proceedings, and it concluded that his new evidence failed to rebut the underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). But Anwar has waived any challenge to the BIA's reliance on the adverse credibility determination, failing to address it in his brief. Instead, he mistakenly argues that the hearing transcript and underlying decision of the immigration judge are not in the record. They are. Certified Administrative Record at 528-43 (IJ Dec.), 562-646 (Tr.). Thus, Anwar has waived the dispositive basis for the BIA's decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Even if we were to reach the merits of the BIA's decision, we would find no abuse of discretion. As noted above, the BIA was permitted to rely on the underlying adverse credibility determination. *See Qin Wen Zheng*, 500 F.3d 143, 146-47; *Kaur*, 413 F.3d at 234. And the BIA reasonably concluded that Anwar's allegedly new evidence—which consisted of un-notarized letters from individuals in Pakistan that appeared to be prepared solely for the motion—was of minimal evidentiary weight and failed to rehabilitate his

4

credibility. *See Qin Wen Zheng*, 500 F.3d at 147–48; *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Though Anwar claims that the BIA ignored one letter from his political party in Pakistan, the agency referred to all of his letters collectively and was not required to "expressly parse or refute . . . [each] piece of evidence." *Jian Hui Shao*, 546 F.3d at 169 (internal quotation marks omitted). Similarly, Anwar's argument that the BIA ignored a letter from his brother and a police report is without merit. The documents were not material: the letter from his brother reiterated previously discredited claims and did not resolve inconsistencies in the underlying testimony and evidence, and the police report related to current conditions in Pakistan, not to the credibility of Anwar's claim.

For the foregoing reasons, the petition for review is DENIED, and the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5